# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION
# CASE NO.: 1:09-CR-00041-TBR

**UNITED STATES OF AMERICA**                                                                 **PLAINTIFF**

**v.**

**JONATHAN WITHERSPOON**                                                                      **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Defendant, Jonathan Witherspoon's, Motion to Suppress (DN 12). The United States has responded (DN 14). An evidentiary hearing was held on January 5, 2010. Defendant has filed a supplemental memorandum (DN 18). The United States has filed a supplemental response (DN 19). Defendant has filed a reply (DN 20). This matter is now ripe for adjudication. For the following reasons, Defendant's Motion is DENIED.

## BACKGROUND

On or about August 28, 2008, near Albany, Kentucky, in Clinton County, a Kentucky State Police Marijuana Eradication Team observed four marijuana plants growing in a cornfield approximately 200 yards behind Defendant Witherspoon's residence. After eradicating these plants the team walked toward Witherspoon's residence. Near the edge of the cornfield the team found another large marijuana plant. In the first four rows of the field, several trays containing over one hundred small plants were found. These plants were approximately 60 yards from Witherspoon's residence. The plants were directly behind Witherspoon's home and there were no other homes in the area.

Kentucky State Police officer Jim MacArthur followed footprints that led from the plants in the field to an outbuilding in Witherspoon's backyard. MacArthur noted the footprints led from the outbuilding to the field and back and had been made recently, within six to eight hours of the search.

Next to the outbuilding there was another large plant found growing in a large plastic tub. MacArthur did not see this plant until he had entered the yard following the footprints; however, he testified these plants were visible from the edge of the cornfield where the trays were found.

MacArthur then entered and searched the outbuilding. No individuals were found within the building; however several more marijuana plants were found. MacArthur then left to obtain a search warrant for the residence and outbuilding. MacArthur authored the search warrant affidavit. The affidavit was signed by a Clinton County circuit court judge and executed later that day. Witherspoon now moves to have the evidence obtained as a result of this search warrant suppressed.

## DISCUSSION

Witherspoon asserts: the affiant, MacArthur, provided false statements knowingly and intentionally or in reckless disregard for the truth; the affidavit was bare bones and did not provide a sufficient probable cause nexus; and the warrantless search of the curtilage and outbuilding was a violation of the Fourth Amendment to which no exception applied. As a direct result, Witherspoon moves for all evidence obtained from the search of the home, curtilage and outbuilding be excluded. The Court finds the affiant did not knowingly and intentionally or with reckless disregard for the truth provide false statements; there was a sufficient probable cause nexus; and the information discovered as a result of the warrantless search shall not be suppressed based on the doctrine of inevitable discovery.

### I. The Affidavit

The Fourth Amendment states that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation." U.S. CONST. amend. IV. When probable cause is required, it is an obvious assumption that there will be a truthful showing of probable cause. *Franks v. Delaware*,

438 U.S. 154, 164-65 (1978)(citing *U.S. v. Halsey*, 257 F. Supp. 1002, 1005 (S.D.N.Y. 1966)). The Supreme Court in *Franks* explained,

> this does not mean 'truthful' in the sense that every fact recited in the warrant affidavit is necessarily correct, for probable cause may be founded upon hearsay and upon information received from informants, as well as upon information within the affiant's own knowledge that sometimes must be garnered hastily. But surely it is to be 'truthful' in the sense that the information put forth is believed or appropriately accepted by the affiant as true.

*Id.* at 165. Thus, the standard requires the defendant prove by a preponderance of the evidence, that "a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit." *Id.* at 155-56. If this is established by the defendant, then the false material must be set aside in determining whether the remaining content is sufficient to establish probable cause. *Id.* at 156. If the remaining material is insufficient to establish probable cause, the search warrant must be voided and the evidence obtained as a result of the search excluded as if probable cause was lacking on the face of the warrant. *Id. See also U.S. v. Campbell*, 878 F.2d 170, 172 (6th Cir. 1989)(citing *Franks* and holding that a deliberate falsehood is required in order to void a search warrant affidavit, as well as stating "an officer cannot rely on a judicial determination of probable cause if that officer knowingly makes false statements to the judge such that but for these falsities the judge would not have issued the warrant.").

Witherspoon asserts that the affiant, MacArthur, exaggerated material statements in his affidavit, omitted other significant pieces of evidence and was "less than candid about the locations of the [plants]". (DN 18 at 2-3.) Specifically, Witherspoon asserts MacArthur was untruthful about whether the plants were found between the weeds and the corn field, between the first and second rows of the corn, or if the plants were in the third and fourth rows. (DN 18 at 2, 3.) Witherspoon also asserts MacArthur exaggerated the number of plants found between the buildings stating in his

affidavit there were five when only one was inventoried. (DN 18 at 2.) Witherspoon further states MacArthur exaggerated describing the footprints. (DN 18 at 2.) MacArthur also allegedly failed to inform the judge he had conducted a warrantless search of an outbuilding and that the corn field was owned by someone else. (DN 18 at 2.) Witherspoon argues the information obtained from the warrantless search was improperly used to obtain the search warrant. (DN 12-2 at 1.) Witherspoon reasons that after excluding the false and improperly obtained information the affidavit is a bare bones affidavit providing no probable cause nexus and "so lacking in indicia of probable cause that a belief in its existence is objectively unreasonable" for purposes of the good faith exception. (DN 18 at 5; DN 20 at 4.)

The Court finds that Witherspoon has not proved by a preponderance of the evidence that the statements of the affiant were knowingly and intentionally made or made in reckless disregard for the truth. MacArthur explained during his testimony that the trays were located in the first few rows of corn where there tends to be a mix of weeds and corn. (Suppression Hr'g Tr. 19, Jan. 5, 2010.) MacArthur also explained that he was uncertain of the number of plants located between the buildings until an inventory was taken.[1] (Hr'g Tr. 41-42.) MacArthur also consistently testified he was able to follow a set of footprints from the corn field to the building and back. (Hr'g Tr. 5, 6, 27-31.) The Court does not believe this testimony was refuted by the photos introduced by Witherspoon.

Additionally, omission by MacArthur that he had conducted a warrantless search does not affect the determination of probable cause by the issuing judge, especially where no tainted

---

[1] The Court does not believe that the number of plants visible within the curtilage affected the determination of probable cause, i.e., there is probable cause to search if one is visible or if 100 are visible.

4

information is included in the affidavit. *U.S. v. Wright*, 131 Fed. App'x. 471, 476 (6th Cir. 2005). The Court finds there was no evidence in the affidavit that should be excluded because it was illegally obtained from the warrantless search. It appears from the affidavit and the testimony of MacArthur that none of the information obtained from the allegedly illegal search was used in obtaining the search warrant. The search warrant affidavit stated:

> While looking around edge (sic) of cornfield (sic) approximately 149 plants were located between the corn and weeds in plastic containers. There also (sic) what appeared to be fresh footprints in the mud from the outbuilding to the cornfield. Following the foot prints (sic) a plastic potting tub was visible with approximately five marijuana plants beside the outbuilding and an air compressor.

The plants within the edge of the corn field were outside the curtilage and therefore not part of an illegal search.[2] Although MacArthur admitted he did not see the plants between the buildings from the corn field (Hr'g Tr. 9), MacArthur testified that the footprints could be followed from the field to the outbuilding and the plants between the buildings could be seen from the field. (Hr'g Tr. 8.) The Court finds there is no information included in the affidavit that must be set aside in determining probable cause.

**II. The Probable Cause Nexus**

The Fourth Amendment specifically requires that, "no Warrants shall issue, but upon probable cause." U.S. CONST. amend. IV. The law does not require that every conceivable explanation other than a suspect's illegal conduct be ruled out in order to find probable cause,

---

[2] There are four factors considered by the court in determining whether an area curtilage: 1) proximity of the area to the home; 2) whether the area is included within an enclosure surrounding the home; 3) the nature of the uses to which the area is put; and 4) the steps taken by the resident to protect the area from observation by people passing by. *U.S. v. Dunn*, 480 U.S. 294 (1987). The Court, applying the facts of this case and considering these factors finds the plants located on the edge of the corn field were outside the curtilage of the home.

"[i]nstead, we need only consider whether there are facts that, given the factual and practical considerations of everyday life, could lead a reasonable person to believe that an illegal act has occurred or is about to occur." *U.S. v. Strickland*, 144 F.3d 412, 416 (6th Cir. 1998) (citations omitted). "To demonstrate probable cause to justify the issuance of a search warrant, an affidavit must contain facts that indicate a fair probability that evidence of a crime will be located on the premises of the proposed search." *U.S. v. Abboud*, 438 F.3d 554, 571 (6th Cir. 2006) (quoting *U.S. v. Frazier*, 423 F.3d 526, 531 (6th Cir. 2005), *cert. denied*, 127 S.Ct. 446 (2006)).

Reasonable minds may differ as to the determination of probable cause; therefore great deference is accorded to the magistrate's determination. *U.S. v. Leon*, 468 U.S. 897, 914 (1984). This deference is not unbounded. *Id.* First, the decision may be inspected as to the knowing or reckless falsity of the affidavit on which the decision is based. *Id.* Additionally, the magistrate must act as a "neutral and detached" magistrate, but not as a rubber stamp. *Id.* Finally, "courts will not defer to a warrant based on an affidavit that does not 'provide the magistrate with a substantial basis for determining the existence of probable cause.'" *Id.* at 915 (citing *Illinois v. Gates*, 462 U.S. 213, 239 (1983)). If the magistrate's probable cause determination was based on an improper analysis of the totality of the circumstances, or the warrant was improper in some other respect, a reviewing court may properly conclude the warrant was invalid. *Id.* In this case, Witherspoon asks the court to find the warrant invalid for lack of a probable cause nexus linking the home and outbuilding to any illegal activity. (DN 18 at 5.)

The affidavit presented in support of the search warrant "must contain particularized facts demonstrating 'a fair probability that evidence of a crime will be located on the premises of the proposed search.'" *U.S. v. McPhearson*, 469 F.3d 518 (6th Cir. 2006) (quoting *Frazier,* 423 F.3d

6

at 531). The magistrate must have a substantial basis for concluding that a search of the premises would uncover evidence of wrongdoing. *U.S. v. Savoca*, 739 F.2d 220, 224 (6th Cir. 1984). "This requires 'a nexus between the place to be searched and the evidence sought.'" *McPhearson,* 469 F.3d at 518 (quoting *U.S. v. Carpenter*, 360 F.3d 591, 594 (6th Cir. 2004)).

The Court believes there was sufficient probable cause in this case. The affidavit made clear that a significant number of plants were located on the edge of the corn field, there were "fresh footprints in the mud from the outbuilding to the cornfield", "[f]ollowing the foot prints (sic) a plastic potting tub was visible with approximately five marijuana plants." In *U.S. v. Carpenter*, the Sixth Circuit held that the mere fact that marijuana was growing nearby the defendant's residence and that there was also a road nearby was not enough to establish the required nexus between the residence and evidence of criminal activity. 360 F.3d at 594. The court stated, however, that had the affidavit at issue stated that "beaten paths led from the marijuana patches to the door of the residence", along with some other evidence, it would have likely been sufficient to establish probable cause. *Id.* In this case, the affidavit stated there were footprints leading to the door of an outbuilding and that plants were visible next to the outbuilding. This is a sufficient nexus for probable cause.[3]   **III. Warrantless Search**

Witherspoon argues that evidence obtained as a result of the warrantless search of the curtilage and outbuildings must be suppressed. (DN 12-2 at 2.) MacArthur testified that he searched the curtilage and building in an effort to secure the area for safety purposes. (Hr'g Tr. 35-36.)

---

[3] Even if the Court had found there was not sufficient evidence to establish a probable cause nexus, the facts provided in the affidavit meet the minimal nexus requirement of the good faith exception; therefore the evidence obtained as a result of the search warrant would still not be suppressed. *U.S. v. Leon*, 468 U.S. 897.

Witherspoon asserts the exigent circumstances exception to the warrant requirement is not applicable and as a result all evidence obtained during that search must be excluded. (DN 18 at 4-5.)[4] The Court, without determining whether an exception to the warrant requirement was applicable, finds that the evidence will not be suppressed as the doctrine of inevitable discovery applies.

"The exclusionary rule prohibits the admission of evidence seized in searches and seizures that are deemed unreasonable under the Fourth Amendment, as well as derivative evidence acquired as a result of an unlawful search." *U.S. v. Kennedy*, 61 F.3d 494, 497 (6th 1995) (citing *Wong Sun v. United States*, 371 U.S. 471, 484-85 (1963)). The doctrine of inevitable discovery is an exception to the exclusionary rule which "allows unlawfully obtained evidence to be admitted at trial if the government can prove by a preponderance that the evidence inevitably would have been acquired through lawful means." *Id.* (citing *Nix v. Williams*, 467 U.S. 431, 444 (1984). The prosecution must "establish by a preponderance of the evidence that the information ultimately or inevitably would have been discovered by lawful means." *Nix v. Williams*, 467 U.S. 431, 444 (1984). When this is the case, the deterrence rationale has so little basis the evidence should not be suppressed. *Id.*

In determining whether this exception applies, the district court, "viewing affairs as they existed at the instant before the unlawful search, [must determine] what would have happened had the unlawful search never occurred." *Kennedy*, 61 F.3d at 498. As the Court has already found, none of the evidence obtained from the illegal search was used in the search warrant affidavit. Therefore,

---

[4] Witherspoon also reasons that the information obtained from the warrantless search was used in obtaining the search warrant; therefore the information obtained from the warrantless search should be excluded from the probable cause determination thus making the warrant bare bones. This has already been addressed by the Court. The Court has found none of the evidence obtained from the illegal search was used in the search warrant affidavit.

the search warrant would have been obtained and the evidence found regardless of the warrantless search of the curtilage and outbuilding. Since the evidence would have inevitably been found regardless of the unlawful search, the evidence from the search will not be suppressed.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED Defendant's motion to suppress is DENIED. This matter is set for a telephonic conference **March 5, 2010, at 11:00 a.m. CDT**. The Court will place the call to counsel.